UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS JOEL MATTHEWS, JR., | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
|     DEFENDANT. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES MARCUS JOEL MATTHEWS, JR., hereinafter called Plaintiff, complaining of and about THE UNITED STATES OF AMERICA, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I. PARTIES AND SERVICE

l.    Plaintiff Marcus Joel Matthews, Jr. is and individual whom resides in Tarrant County, Texas.

2.    Defendant, THE UNITED STATES OF AMERICA may be served with process pursuant to the Federal Tort Claims Act by serving  The United States Attorney for the Northern District of Texas at 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699, and The Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

### II. JURISDICTION AND VENUE

3.    This Court has jurisdiction over claims against The United States of America under Federal Tort Claims Act 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq., as this is a claim against

the United States for money damages caused by the negligent or wrongful acts or omissions of an employee of the Government while acting within the scope of their office or employment.

4.    The Northern District of Texas is the proper venue for this action under 28 U.S.C. § 1402(b) because all or a substantial part of the events giving rise to this action occurred in Dallas County, Texas.

### III. ADMINISTRATIVE EXHAUSTION

5.    Plaintiff timely filed an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).  More than six months have passed since the filing of that claim, and the agency has failed to make a final disposition. Accordingly, Plaintiff now files this suit.

### IV. AGENCY, RESPONDEAT SUPERIOR and ALTERNATIVE ALLEGATIONS

6.    At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

7.    Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

8.    At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant, Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for .which such employee was - employed.

9.    Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

10.    All legal and factual allegations contained herein are made additionally and in the

alternative to all other legal and factual allegations, and additionally and alternatively against all Defendants.

## VI. FACTS

11.     On July 11, 2023, Plaintiff was traveling eastbound on lane number three on the south service road of IH-635 in Irving, Texas when Defendant's driver Reynold Kevin Balgobin, exited from the 500 block of IH-365, made an unsafe lane change onto lane number three and struck Plaintiff's vehicle.

12.     The incident described in the foregoing paragraph caused Plaintiff injuries complained of herein.

13.     The vehicle operated by Balgobin was a US Government vehicle.  Balgobin was in the course and scope of his employment with U.S. Immigration and Customs Enforcement at the time of the collision.

## V. CAUSE OF ACTION — NEGLIGENCE (FTCA)

14.     The collision and Plaintiff's injuries were directly and proximately caused by the negligence of the United States government employee, acting within the scope of employment, by:

   a.     Failing to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b.     Failing to control speed;

   c.     Failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

    d.    Failing to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

    e.    Failing to pay requisite attention as a reasonably prudent driver would;

    f.    Failing to timely apply brakes; and

    g.    Ignoring and breaching applicable laws and regulations regarding the operation of the vehicle and thereby caused the collision – to wit, made an unsafe lane change.

## VI. DAMAGES

15.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe bodily injuries and damages as set out below.

    a.    Reasonable expenses for necessary medical care in the past and future;

    b.    Lost wages and/or lost earning capacity, past and future;

    c.    Pain and suffering in the past and future;

    d.    Physical impairment in the past and future;

    e.    Disfigurement, past and future;

    f.    Property Damage; and

    g.    Loss of Use.

    h.    Defendant's conduct when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which each Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others,

specifically including Plaintiff, as such, Plaintiff additionally seek exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

## VII. PRESERVATION OF EVIDENCE

16.     Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff will seek appropriate sanctions and remedies.

## VIII. DEMAND FOR TRIAL BY JURY

17.     Plaintiff hereby demands a trial by jury and tenders the appropriate fee with this petition.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,
**RAD LAW FIRM**

BY: _____

NITU PATEL SHARMA
Texas Bar No. 24124761
8001 LBJ Freeway, Suite 300
Dallas, Texas 75251
Main Phone (972) 661-1111
Main Fax (972) 661-3537
E-service: efileNP@radlawfirm.com
npatel@radlawfirm.com (communications only)
**ATTORNEY FOR PLAINTIFF**