# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARCUS JOEL MATTHEWS, JR. | § |
| | § |
| v. | §   CIVIL ACTION NO. 3:25-CV-1410-S |
| | § |
| UNITED STATES OF AMERICA | § |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment ("Motion") [ECF No. 10]. The Court has reviewed the Motion, Defendant's Brief in Support of the Motion ("Defendant's Brief") [ECF No. 11], Plaintiff's Response in Opposition to the Motion ("Response") [ECF No. 15], Plaintiff's Brief in Opposition to the Motion ("Plaintiff's Brief") [ECF No. 16], Defendant's Reply to the Motion ("Reply") [ECF No. 21], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The Court **DENIES** Defendant's Motion to Dismiss, **GRANTS** Defendant's Alternative Motion for Summary Judgment, and **DENIES** Plaintiff's request for leave to amend his Complaint embedded in the Response.

## I. BACKGROUND

This case arises out of an automobile accident involving Plaintiff Marcus Joel Matthews, Jr., and Reynold Kevin Balgobin, an employee of U.S. Immigration and Customs Enforcement ("ICE"). Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶¶ 11, 13. At the time of the accident, Balgobin was driving a vehicle owned by the U.S. government. *Id.* ¶ 13. Plaintiff sued Defendant the United States of America under the Federal Tort Claims Act ("FTCA") for negligence under a theory of respondeat superior, alleging that Balgobin was acting within the course and scope of his

employment with ICE. *Id.* ¶¶ 13-14. Defendant moves to dismiss Plaintiff's claim, or, in the alternative, for summary judgment. Mot. 1.

## II. LEGAL STANDARD

### *A. Rule 12(b)(1)*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis County*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court to hear a case. The district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

### *B. Rule 12(b)(6)*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff

must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### C. Rule 56

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. ANALYSIS

Defendant moves to dismiss, or, in the alternative, for summary judgment, because the United States has not waived its sovereign immunity. "The United States has sovereign immunity from any lawsuit, unless that sovereign immunity has been waived." *M.D.C.G. v. United States*, 956 F.3d 762, 767-68 (5th Cir. 2020). Relevant here, the FTCA waives sovereign immunity for injuries "caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his . . . employment." 28 U.S.C. § 1346(b)(1). Plaintiff bears the burden

4

of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

The Court first considers whether it lacks subject matter jurisdiction and must dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1). The Court next addresses whether Plaintiff has stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court then addresses Plaintiff's motion for leave to amend his Complaint. Finally, the Court analyzes whether Plaintiff raises a genuine dispute of material fact such that Defendant is not entitled to judgment as a matter of law.

### *A. Rule 12(b)(1)*

Generally, a "court may dispose of a [Rule 12(b)(1) motion] based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *M.D.C.G.*, 956 F.3d at 768 (quotation marks omitted). But when a plaintiff brings a claim under the FTCA and "the issue of jurisdiction is intertwined with the merits, district courts should deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id.* at 768-69 (quotation marks omitted). "[W]hether a government employee was acting within the scope of his employment under the FTCA" is an issue of jurisdiction intertwined with the merits. *Id.* at 769. Therefore, "a [Rule] 12(b)(6) or summary judgment standard, not the Rule 12(b)(1) standard, should be applied." *Id.*

Because the question of whether Balgobin was acting in the scope of his employment at the time of the accident is at issue here, the Court applies the Rule 12(b)(6) analysis.

### *B. Rule 12(b)(6)*

Plaintiff brings a negligence claim against the United States, alleging that it is vicariously liable for Balgobin's negligence under the doctrine of respondeat superior. Compl. ¶ 14. According to the Complaint, Balgobin made an unsafe lane change and struck Plaintiff's vehicle. *Id.* ¶ 11. Plaintiff alleges that the accident caused him "severe bodily injuries and damages." *Id.* ¶ 15. Plaintiff asserts that "[t]he vehicle operated by Balgobin was a US Government vehicle," and that "Balgobin was in the course and scope of his employment with [ICE] at the time of the collision." *Id.* ¶ 13. Plaintiff seeks money damages. *Id.* ¶ 15.

> A plaintiff invokes the FTCA's waiver of sovereign immunity by pleading a claim that is:
>
> [1] against the United States, [2] for money damages, [3] for . . . personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (citation omitted). In Texas, "[u]nder the doctrine of respondeat superior, an employer is vicariously liable for the negligence of . . . an employee acting within the scope of his . . . employment." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (citation omitted). Texas law governs whether Balgobin was acting in the scope of his employment. *See Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) ("The issue of whether an employee is acting within the scope of his employment for the purposes of the FTCA is governed by the law of the state in which the wrongful act occurred."). An employee acts within the scope of his employment when his conduct is within the scope of his general authority, in furtherance of his employer's business, and for the accomplishment of the object for which he was hired. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Further, Texas law recognizes a rebuttable presumption that an employee driving a vehicle owned by his employer

is acting within the scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971).

Defendant maintains that Balgobin was not acting within the scope of his employment because he was on his way to a voluntary and discretionary lunch at the time of the accident. Def.'s Br. 8-9. At the Rule 12(b)(6) stage this argument has no bearing on whether Plaintiff has adequately alleged a cause of action because the Court only determines whether Plaintiff has stated a claim upon which relief can be granted. *See Mann*, 556 F.2d at 293. Plaintiff alleges that Balgobin was employed by ICE, driving a vehicle owned by Defendant, and acting within the scope of his employment when he struck Plaintiff's vehicle. Taking those allegations as true and viewing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff's Complaint pleads sufficient facts to establish a waiver of sovereign immunity under the FTCA and state a claim for relief that is plausible on its face.

### *C. Leave to Amend the Complaint*

Plaintiff seeks leave to amend his complaint instead of dismissal to allow him to assert a claim for negligent entrustment against Defendant. Resp. 1. Plaintiff provides no details of his proposed amendment other than to say that the FTCA "permits direct negligence theories against the government, including negligent entrustment of a vehicle to an employee known or should have been known as an unsafe driver." Pl.'s Br. 6. Plaintiff presents no factual allegations in support of his proposed claim. "A bare bones motion to amend remains futile when it fails to apprise the district court of the facts that [the plaintiff] would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (cleaned up). Therefore, Plaintiff's amendment is futile.

In addition, Plaintiff's claim would be barred by the discretionary function exception to the FTCA. The discretionary function exception is a "form of retained sovereign immunity," *Freeman*, 556 F.3d at 335, that applies to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). An act is not a discretionary function if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Claims of negligent entrustment and supervision against the United States are generally barred by the discretionary function exception. *See, e.g., Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) (supervision of a contractor is a discretionary function); *Walding v. United States*, 955 F. Supp. 2d 759, 782 (W.D. Tex. 2013) ("[D]ecisions relating to hiring, training, and supervision of employees usually involve policy judgment of the type Congress intended the discretionary function exception to shield."); *Leavitt v. City of El Paso*, No. EP-99-CA-76-EP 2000 WL 33348224, at *6 (W.D. Tex. Jul. 10, 2000) (applying the discretionary function exception to a claim of negligent entrustment against the United States).

Plaintiff cites two cases to support his position that a negligent entrustment claim is viable under the FTCA. Resp. 6-7. Neither case addresses negligent entrustment or direct liability within the context of the FTCA.[1] Therefore, Plaintiff's proposed amendment is also futile because he proposes to amend his complaint solely with a claim to which the United States is immune.

---

[1] Plaintiff cites *Williams v. United States*, 71 F.3d 502 (5th Cir. 1995), and *Fuller v. Biggs*, 532 F. Supp. 3d 371 (N.D. Tex. 2021). *Williams* addressed whether a Member of Congress was acting within the scope of his employment when he allegedly defamed another individual. *Fuller* addressed direct negligence claims against a private defendant (not the Government) in the context of the Graves Amendment, 49 U.S.C. § 30106(a). Both cases are inapposite here.

### *D. Rule 56*

Although Plaintiff pleaded sufficient facts to state a claim for relief, he fails to raise a genuine dispute of material fact such that Defendant would not be entitled to judgment as a matter of law. In the Declaration of Bradley K. Volkmer ("Declaration") [ECF No. 12-1] in support of Defendant's Motion,[2] Volkmer states that he is aware of the facts and details surrounding Balgobin's accident. Decl. ¶ 4. Volkmer further states that he is an Instructor at the ICE Leadership Development Center in Irving, Texas; that Balgobin was a student attending Volkmer's training course; and that students are "provided a voluntary lunch break . . . to use at their discretion. [Students] are afforded the option but are not required to leave the training facility during the break." *Id.* ¶¶ 1, 5. According to Volkmer, "the incident occurred while [Officer] Balgobin was en route to lunch from the training" and Balgobin was driving a government-owned vehicle at the time of the accident. *Id.* ¶ 7. These facts are undisputed.

Under Texas law, the "coming-and-going rule" provides that an employee traveling to or from work or otherwise deviating from the employer's objectives is not acting within the scope of his employment. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 136 (Tex. 2018). Further, evidence that an employee was coming or going from work is sufficient to rebut the presumption that an employee driving an employer-owned vehicle is acting in the scope of his employment. *EAN Holdings, LLC v. Arce*, 636 S.W.3d 290, 296 (Tex. App.—Fort Worth 2021, pet. denied). Under the coming-and-going rule, an employee taking advantage of a voluntary lunch break, even in an employer owned vehicle, deviates from the employer's objectives and is not within the scope of employment. *Williams v. B&B Elec. & Util. Contractors, Inc.*, No. 2:19-cv-00325, 2022 WL

---

[2] An unsworn declaration made under penalty of perjury, like Volkmer's, is competent summary judgment evidence. 28 U.S.C. § 1746.

9

6600973, at *3 (S.D. Tex. Feb. 7, 2022); *see generally Garcia v. United States*, 88 F.3d 318, 321 (5th Cir. 1996).

Plaintiff introduces no evidence to dispute the facts outlined in the Declaration. Instead, Plaintiff argues that the special-mission exception to the coming-and-going rule applies. Pl.'s Br. 4. The "special-mission exception to the coming-and-going rule may apply when 'travel involves the performance of regular or specifically assigned duties for the benefit of the employer.'" *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 376 (Tex. 2022) (quoting *Amerimex Drilling*, 561 S.W.3d at 139).

Plaintiff alleges that the training seminar was a special assignment and that Balgobin was away from his ordinary workplace. Pl.'s Br. 4-5 (citing Decl. ¶ 5). Plaintiff argues that, because Balgobin was "on a temporary duty assignment" and "was not commuting for personal purposes," the special-mission exception applies. *Id.* Generally, however, personal travel undertaken while on a special mission is considered outside the scope of employment. *Garcia*, 88 F.3d at 321 ("If found to be on a special mission, the employee will be considered to be in the course and scope of his employment until its termination, *absent any deviation therefrom for personal reasons.*"). Even assuming, arguendo, that Balgobin was on a "special mission" while he attended training, his voluntary lunch break was a personal deviation and outside the scope of his employment. *See, e.g., Williams*, 2022 WL 6600973, at *4 (holding that an employee on his lunch break from a special mission served "no employment purpose" during his drive back to work after lunch).

Plaintiff also argues that the dual-purpose rule or personal comfort doctrine applies because Balgobin was "driving fellow ICE employees to lunch while on mandatory training" and that "obtaining meals during the workday is incidental to employment." Pl.'s Br. 3. "[D]ual-purpose travel" is in the course and scope of employment "when the employee's travel would have been

10

made notwithstanding the employee's personal reasons and would not have been made without a business reason." *Orozco v. County of El Paso*, 602 S.W.3d 389, 396 (Tex. 2020). The dual-purpose rule, however, applies in the worker's compensation context, not the vicarious liability context. *Berry v. Golla*, No. H-7-2629, 2018 WL 1453275, at *4-5 (S.D. Tex. Mar. 23, 2018), *aff'd sub nom. Berry v. Missionaries of Co. of Mary, Inc.*, 770 F. App'x 716 (5th Cir. 2019) ("Neither party has cited, nor has the court found, cases applying the 'dual purpose' rule from the worker's compensation context to a claim of vicarious liability."). The "statutory provisions of [the worker's compensation statute] do not dictate the outcome of this common law negligence case." *Painter v. Sandridge Energy, Inc.*, 511 S.W.3d 713, 725 (Tex. App.—El Paso 2015, pet. denied).

"The personal comfort doctrine" provides that "[e]mployees who . . . engage in acts which minister to personal comfort do not thereby leave the course of employment." *Emps.' Cas. Co. v. Bratcher*, 823 S.W.2d 719, 721 (Tex. App.—El Paso 1992, writ denied). However, that doctrine also applies only in the worker's compensation context. *Yeldell v. Holiday Hills Ret. & Nursing Ctr., Inc.*, 701 S.W.2d 243, 245 (Tex. 1985) (explaining that, because "the Workers' Compensation Act should be liberally construed in favor of the employee," injuries sustained while a worker engages in acts of personal comfort arise in the course and scope of employment and are thus compensable). All but one of the cases Plaintiff cites in support of the personal comfort doctrine are in the context of worker's compensation. Plaintiff does not cite any case that extends the personal comfort doctrine from the worker's compensation context to the vicarious liability context.[3]

---

[3] Plaintiff also cites *Baker v. United States*, 17 F. Supp. 2d 592, 596 (N.D. Tex. 1998). No such case exists.

11

Plaintiff also cites *Best Steel Buildings, Inc. v. Hardin*, 553 S.W.2d 122 (Tex. App.—Tyler 1977, writ ref'd n.r.e), for the proposition that "Texas law recognizes that activities necessary for personal comfort, such as obtaining meals, remain incidental to employment." Pl.'s Br. 3. In *Best Steel*, the court, in upholding a jury finding that the driver of a vehicle was acting in the scope of his employment at the time of an automobile accident, noted that "[t]here is no evidence that [the driver] transacted any business of his own on the trip." 553 S.W.2d at 128. However, the court continued, "[e]ven had it been established that [the driver] attended to some personal business or visited his family while on the trip, if . . . he was directed to make the trip in furtherance of the affairs of his employer, he would nevertheless be in the course and scope of his employment." *Id.* This statement is not in line with the law as described by the Texas Supreme Court in *Amerimex Drilling* that "an employer is not responsible for what occurs when an employee deviates from the performance of his duties for his own purposes . . . even if the deviation occurs with the employer's express or implied permission." 561 S.W.3d at 137 (citation omitted). And as discussed above, Plaintiff does not cite, and the Court is not aware of, any case holding that an employee on a voluntary lunch break is engaged in an act otherwise within the service of his employer in the vicarious liability context.

Under the coming-and-going rule, then, Balgobin was not acting in the scope of his employment with ICE at the time of the accident. Therefore, the United States has not waived its sovereign immunity under the FTCA and is immune from this suit.

### IV. CONCLUSION

Viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court holds that Defendant is entitled to summary judgment on Plaintiff's claim because Defendant has demonstrated that there is no genuine dispute as to any material fact in this

case. For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment [ECF No. 10]. The Court **DENIES** Defendant's Motion to Dismiss, **GRANTS** Defendant's Alternative Motion for Summary Judgment, and **DENIES** Plaintiff's request for leave to amend his Complaint embedded in the Response. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED January 8, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**